1
2
3
4
## UNITED STATES DISTRICT COURT
5
### DISTRICT OF NEVADA
6  ARRON JACKSON,                          )
7                    Plaintiff,            )        Case No. 3:10-cv-0045-ECR-RAM
                                           )
8  vs.                                     )        **ORDER**
                                           )
9  CASEWORKER HALBERRFIELD, *et al.*,      )
                                           )
10 _____ Defendants. _____    )

11          Plaintiff, who is a Nevada inmate  has submitted a Civil Rights Complaint Pursuant to

12 42 U.S.C. § 1983 (#2-1).  The complaint is subject to the provisions of the Prisoner Litigation Reform

13 Act as discussed below.

14 **I.      Screening Pursuant to 28 U.S.C. § 1915A**

15          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

16 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

17 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are

18 frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

19 a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings,

20 however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

21 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

22 a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

23 violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42,

24 48 (1988).

25          In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

26 Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

1  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

2  be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

3  § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

4  provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

5  § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses

6  a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

7  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

8  not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

9     Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

10  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

11  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

12  would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

13  this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

14  Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

15  955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are held to less stringent standards than

16  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

17  U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed

18  factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp.*

19  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

20  is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

21     All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

22  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

23  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

24  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

25  allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

26

2

1    (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2    **II.      Discussion**

3                Plaintiff sues Defendants Caseworker Halberfield, Greg Smith, Tony Corda, Warden

4    James Benedetti , Don Helling, Mark Womer, and Wiley Jeff in both their individual and official

5    capacities for violation of 28 U.S.C. § 1983 and for various state law torts.  Plaintiff complains that he

6    was made to share a cell with an inmate who is H.I.V. positive, despite having objected to such housing

7    arrangements.  Plaintiff seeks monetary damages as well as injunctive relief.

8                **A.      Count One**

9                Plaintiff claims that he was subjected to cruel and unusual punishment in violation of the

10   Eighth Amendment when Defendant Caseworker Halberfield , without notice or warning, assigned an

11   H.I.V. positive inmate to be his roommate.  He notes that he complained of this assignment, as he had

12   done in the past, but the Halberfield kept him housed with the HIV positive individual for an extended

13   period of time.  Plaintiff does not allege that his roommate attempted to have sexual contact with him

14   or that the roommate took any action to purposefully expose plaintiff to the HIV virus.

15               To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

16   conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

17   337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

18   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.; Toussaint v.*

19   *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

20   Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may

21   be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost*

22   *v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The

23   deliberate  indifference  standard  involves  an  objective  and  a  subjective  prong.   First,  the  alleged

24   deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. at 834

25   (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and

26

                                              3

1   disregard an excessive risk to inmate health or safety." *Id.* at 837.  Thus, "a prison official may be held

2   liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that

3   inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures

4   to abate it." *Farmer v. Brennan*, 511 U.S. at 835.  Mere negligence on the part of the prison official is

5   not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v.*

6   *Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S.

7   327, 33 (1986).

8       Plaintiff has failed to allege that he was harmed in any way or that he was subjected to

9   a substantial risk of serious harm.  That plaintiff apparently believed that he was at risk of contracting

10   AIDS from his roommate merely by sharing a cell does not mean that plaintiff was subjected to a

11   substantial risk of harm.  Plaintiff's allegations fail to state a viable claim for violation of his

12   constitutional rights, and the claim will be dismissed without leave to amend.

13   **B.**     **Count Two**

14       In his second claim, plaintiff alleges he was subjected to libel and slander and his state

15   law rights not to be housed with an HIV positive inmate were violated.  Plaintiff cites to NRS

16   209.385(4)(b) and to Administrative Regulations 610.01 (1.4.2.4).

17   **C.**     **Count Three**

18       In his final claim, plaintiff alleges his due process rights were violated by defendants

19   Womer, Wiley and Helling when he was subjected to false disciplinary charges and transferred to a

20   different prison in retaliation for his grievances.  He contends the charge of sexual harassment was not

21   supported by any evidence and that the purported victim of the act stated that she did not see or hear

22   any obscene gestures.

23       "A prisoner suing prison officials under 1983 for retaliation must allege that he was

24   retaliated against for exercising his constitutional rights and that the retaliatory action does not advance

25   legitimate penological goals, such as preserving institutional order and discipline." *Barnett v.*

26

4

1    *Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam); *see also Vignolo v. Miller*, 120 F.3d 1075,

2    1077-78 (9th Cir. 1997).   These claims must be evaluated in the light of deference that must be

3    accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).   The prisoner

4    must establish a link between the exercise of constitutional rights and the allegedly retaliatory action.

5    *Compare id.* (Finding insufficient evidence) *with Valadingham v. Bojorquez*, 866 F.2d 1135, 1138-39

6    (9th Cir. 1989) (finding sufficient evidence).   Finally, the prisoner must demonstrate that his first

7    amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213

8    F.3d 443, 449 (9th Cir. 2000).

9              Where a prisoner alleges a correctional officer has falsely accused the prisoner of

10   violating a prison rule in retaliation for the prisoner's exercise of his constitutional rights, the

11   correctional officer's accusation is not entitled to the 'some evidence' standard of review that [the

12   court should ] afford disciplinary administrative decisions." *Hines v. Gomez, 108 F.3d 265, 269 (ith*

13   *Cir. 1997).*

14             Plaintiff has stated a colorable claim for retaliation.

15   **III.     Conclusion**

16             Plaintiff's claim one shall be dismissed with prejudice.

17             **IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the

18   complaint.

19             **IT IS FURTHER ORDERED** that count one is **DISMISSED WITH PREJUDICE.**

20             **IT IS FURTHER ORDERED** as follows:

21             1. The Clerk **shall electronically serve a copy of this order, including the attached**

22   **Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on**

23   **the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.**

24             2. The Attorney General's Office shall advise the Court within **twenty-one (21) days**

25   of the date of entry of this order whether it can accept service of process for the named defendants.

26

1   As to any of the named defendants for which the Attorney General's Office cannot accept service, the

2   Office shall file, *under seal*, the last known address(es) of those defendant(s).

3          3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file

4   a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a

5   full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the

6   Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days

7   of the date the complaint was filed.

8          4. If the Attorney General accepts service of process for any named defendant(s), such

9   defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days**

10  following the date of the early inmate mediation.  If the court declines to mediate this case, an answer

11  or other response shall be due within **thirty (30) days** following the order declining mediation.

12         5. The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of

13  Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this

14  order.

15  DATED:   *October 18, 2010*

16

17                          *Edward C. Reed*

18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

1

2  Name _____

3  Prison Number (if applicable) _____

4  Address _____

5  _____

6

7

8                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
9

10  _____,  )   Case No. _____

11              Plaintiff,     )
                               )
12  v.                         )   NOTICE OF INTENT TO
                               )   PROCEED WITH MEDIATION
13  _____    )
                               )
14  _____    )
              Defendants.      )
15  _____    )

16         This case may be referred to the District of Nevada's early inmate mediation program. The
   purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by
17  which the parties meet with an impartial court-appointed mediator in an effort to bring about an
   expedient resolution that is satisfactory to all parties.
18

19  1.     Do you wish to proceed to early mediation in this case? ____ Yes ____ No

20  2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

21         _____

22         _____

23         _____

24  3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court
   in the last five years and the nature of each case. (Attach additional pages if needed).
25

26         _____

                                            7

1
2
3    4.      List any and all cases, including the case number, that are currently pending or any pending
     grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
4
5
6
7
8    5.      Are there any other comments you would like to express to the court about whether this case
     is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable
9    for mediation.  (Attach additional pages if needed).
10
11
12
13
14          This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date
     of entry of this order.
15
16          Counsel for defendants: By signing this form you are certifying to the court that you have
     consulted with a representative of the Nevada Department of Corrections concerning participation in
17   mediation.
18          Dated this _____ day of _____, 2010.
19
20          _____
21          Signature
22          _____
23          Name of person who prepared or
            helped prepare this document
24
25
26

8