**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARRON JACKSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CASEWORKER HALBERRFIELD, *et al.*,<br><br>        Defendants. | Case No. 3:10-cv-0045-ECR-RAM<br><br>**ORDER** |

Plaintiff, who is a Nevada inmate, moves the court to reconsider its dismissal of count one of his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (docket # 16). The count was dismissed pursuant to the Court's initial screening required under 28 U.S.C. §1915A.

Plaintiff makes his motion pursuant to F.R.C.P. Rule 59(e) which provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In his original claim, plaintiff alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when Defendant Caseworker Halberfield, without notice or warning, assigned an H.I.V. positive inmate to be his roommate. He noted that he complained of this assignment, as he had done in the past, but the Halberfield kept him housed with the HIV positive individual for an extended period of time. Plaintiff did not allege that his roommate attempted to have sexual contact with him or that the roommate took any action to purposefully expose plaintiff to the HIV virus. In the motion for reconsideration, plaintiff contends that because the court was not privy to

1  additional facts which would save his claim from dismissal; e.g. that cell mates are allowed to share
2  many personal items, reconsideration of the dismissal is warranted and plaintiff should be allowed to
3  amend his claim to address the deficiencies found by the court.
4        Plaintiff alleges that he was not informed of the cell mates HIV status and that he
5  willingly shared toothbrushes, razors and other personal hygiene items with the cell mate.  These
6  additional facts do not point to the fault of the named defendant, but rather to the voluntary actions of
7  the plaintiff and his cell mate.  Even given the additional facts, plaintiff has not demonstrated that the
8  defendant was indifferent to a substantial risk of harm to plaintiff.  The defendant did not require that
9  plaintiff share his personal items with his HIV positive cell mate.  The new facts do not warrant
10 reconsideration of the dismissal and the motion shall be denied.
11       **IT IS THEREFORE ORDERED** that motion for reconsideration (docket #16) is
12 **denied.**

14     DATED:  November 10, 2010

16                     _____
17                     UNITED STATES DISTRICT JUDGE