1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6    AARON JACKSON,                    )
                                       )
7                    Plaintiff,        )    Case No. 3:10-cv-0045-ECR-RAM
                                       )
8    vs.                               )
                                       )    **SCREENING ORDER**
9    CASEWORKER HALBERRFIELD, *et al.*, )
                                       )
10   _____Defendants.       )

11           Plaintiff, who is a Nevada inmate  has submitted an Amended Civil Rights Complaint

12   Pursuant to 42 U.S.C. § 1983 (#2-1).  The complaint is subject to the provisions of the Prisoner

13   Litigation Reform Act as discussed below.  Moreover, an amended complaint must be complete in itself

14   without reference to the superseded pleading. LR 15-1. Thus, any allegations not presented in this

15   amended complaint which may have appeared in prior are considered abandoned and dismissed.

16   **I.      Screening Pursuant to 28 U.S.C. § 1915A**

17           Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

18   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

19   1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are

20   frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from

21   a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2).  Pro se pleadings,

22   however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

23   1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the

24   Constitution or laws of the United States was violated; and (2) that the alleged violation was committed

25   by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

26           In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915(e).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered

2

1   in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion

2   for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal

3   Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer*

4   *Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

5              Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the

6   prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal

7   conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of

8   infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual

9   allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989);

10   *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11   **II.**     **Discussion**

12              Plaintiff sues Defendants Caseworker Halberfield, Greg Smith, Tony Corda, Warden

13   James Benedetti , Don Helling, Mark Womer, Howard Skolnik, Deputy Director Cox and  Jeff Wiley

14   in both their individual and official capacities for violation of 28 U.S.C. § 1983 and Inmate Nathanial

15   Rayford, along with the other defendants for various state law violations and torts.  Rayford, who is not

16   a state employee, cannot be sued under 28 U.S.C. § 1983 for his individual acts.  *Price v. Hawaii,* 939

17   F.2d 702, 707-08 (9th Cir. 1991).  He may, however, be liable under §1983 and under other legal theories

18   based in conspiracy or state law.  *United Steelworkers of Am. v. Phelps Dodge Corp* 865 F.2d 1539,

19   1540-41 (9th Cir. 1989) (en banc); *Mendocino Envt'l Ctr. v. Mendocino County,* 192 F.3d 1283, 1301-

20   02 (9th Cir. 1999).  *See Tower v.Glover,* 467 U.S. 914, 920 (1984);

21              Plaintiff complains that he was made to share a cell with Rayford, an inmate who is HIV

22   positive, despite having objected to such housing arrangements.  He further alleges the housing

23   arrangement and the subsequent retaliatory disciplinary actions were the result of conspiracies among

24   the various defendants. Plaintiff seeks monetary damages, injunctive relief, and criminal charges against

25   the conspirators.

26

1    Plaintiff alleges that defendants Halberfield, Benedetti and Rayford conspired together

2 to place Rayford, an HIV positive inmate, in a cell with plaintiff without disclosing Rayford's HIV status

3 and in violation of Nevada law and Nevada Department of Corrections (NDOC) regulations.  He alleges

4 that Rayford thereafter took steps to infect him with HIV by offering to shave plaintiff's face and head

5 using Rayford's razor, which Rayford had previously used, drawing blood as is incidental to daily

6 shaving.  He alleges Rayford also used plaintiff's toothbrush and cup, further exposing plaintiff to the

7 HIV virus.

8    Plaintiff alleges that he learned of Rayford's condition through the prison rumor mill and

9 confronted him about it.  Rayford denied his status which "caused several physical altercations with the

10 plaintiff and Nathanial Rayford which resulted in cuts where each others blood was transferred to one

11 another for blood from his nose was splattered in this plaintiff's eyes." Amended Complaint, p. 8.

12    After plaintiff filed grievances related to the housing situation, he alleges he was

13 transferred from Northern Nevada Correctional Center to a more secure prison, Nevada State Prison, in

14 retaliation for his complaints.  He further alleges that the inmates at NSP had heard that plaintiff had

15 contracted HIV, otherwise he would not have been housed with Rayford, once again "caus[kng] the

16 plaintiff to get into physical altercations with other inmates."  Amended Complaint p. 9.

17    Finally, plaintiff alleges that he complained "so much" to the "named defendants who

18 were in the position of authority" at NSP, that defendants, including Womer and Wiley "hatched a plot

19 to put this plaintiff in a more secure housing."   The alleged plot was an institutional report accusing

20 plaintiff of sexual harassment - a violation that requires no evidence to obtain a conviction.  The

21 conspiracy continued to include the disciplinary appeal process, which plaintiff alleges includes a

22 custom, practice and policy to deny 99.9% of all appeals.

23    **A.    Count One**

24    Plaintiff claims violations of the First, Eighth, Seventh and Fourteenth Amendments,

25 Nevada tort laws, conspiracy and attempted murder by defendants Halberfield, Benedetti and Rayford

26

1   in the original plan to place Rayford in the cell with plaintiff, whereby defendants "knowingly, willingly,

2   and unlawfully substantially increased the risk of the defendant Nathanial Rayford transmitting

3   Immunodeficiency Virus to this Plaintiff."  He claims the defendants engaged in behavior that posed a

4   substantial risk to the health and safety of the plaintiff.[1]

5            Plaintiff states he believes he has been infected by the defendant's blood, arguing that he

6   symptoms would not develop for seven to nine years.  He does not, however, definitively claim to have

7   contracted the virus.

8            To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

9   conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

10  337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

11  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.; Toussaint v.*

12  *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

13  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may

14  be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost*

15  *v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The

16  deliberate indifference standard involves an objective and a subjective prong.  First, the alleged

17  deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. at 834

18  (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and

19  disregard an excessive risk to inmate health or safety." *Id.* at 837.  Thus, "a prison official may be held

20  liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that

21  inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures

22  to abate it." *Farmer v. Brennan*, 511 U.S. at 835.  Mere negligence on the part of the prison official is

23

24        [1]  The Court does not and will not screen the complaint for the sufficiency of state law claims,
     either in tort or arising under state statutes.  Should the complaint go forward under claims arising under
25   federal law, plaintiff may also proceed as to his state law claims, subject to the usual available defenses
     which defendants may raise in any responsive pleading.
26

not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

Plaintiff states a claim against Halberfield and Benedetti under the Eighth Amendment for knowingly exposing petitioner to a substantially increased risk of exposure to the HIV virus, as he has alleged deliberate indifference to a serious threat the plaintiff's health and safety. *See Farmer,* 511 U.S. at 834, 837. Plaintiff has not stated a claim under the First or Fourteenth Amendments under the facts alleged in Count One. The Seventh Amendment provides for the right to a jury trial and plaintiff may exercise the right if he satisfies the procedural requirements therefore.

**B.    Count Two**

In count two, plaintiff alleges violations of the First, Seventh and Fourteenth Amendments, Nevada tort laws, NRS 209.385 and all criminal statutes relating to conspiracy, murder and "any felony on human life."

First, the Court notes that violations of state criminal statutes are not subject to personal causes of action in a civil suit, such as this. Thus no claim is available under the criminal statutes broadly identified by plaintiff. Plaintiff alleges that "defendants" knew or should have known that housing him with an HIV positive inmate exposed him to a substantial risk of life because they should be aware that roommates forced to share a space twenty-four hours a day, seven days a week "share items as do roomates [sic] in the free society, which include but not limited to bathroom and sink, toe nail clippers, combs, etc." He further alleges that sharing of these various facilities and implements could transmit the virus to the plaintiff.

Plaintiff claims he was injured in that he lost his friends and fiancé because of their fear of contracting the disease and the fear of the potential loss of a loved one to HIV. He claims he cannot sleep, eats very little and suffers stress and the loss of his fiancé because of the acts of the defendants which were "mean spirited" for the "possible results were foreseen by each of the

6

1  defendants."

2       Plaintiff has failed to state a claim in count two.  The Prison Litigation Reform Act

3  (PLRA) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison,

4  or other correctional facility, for mental or emotional injury suffered while in custody without a prior

5  showing of physical injury."  42 U.S.C. § 1996e(e).  This is the same under the Federal Tort Claims

6  Act.  28 U.S.C.  1346(b)(2).  The prisoner must make a showing of physical injury that need not be

7  significant but must be more than de minimus."  *Olvier v. Keller,* 289 F.3d 623, 627 (9th Cir. 2002).

8  Here, plaintiff has not stated he has been infected with HIV, merely that he believes he may be

9  infected.  Thus, he has not suffered a physical injury that would allow him to proceed on a claim for

10  his emotional injuries, such as are identified in the count.  Count two will be dismissed.

11  **C.     Count Three**

12       In his third claim, plaintiff alleges violations of the First, Seventh, Eighth, and

13  Fourteenth Amendments, Nevada tort laws and statutes, NDOC policies, and criminal statutes

14  prohibiting attempted murder arising from the customs, training policies and practices of the NDOC

15  which allow and encourage the "behavior of Defendant Nathanial Rayford that increased" risk that

16  HIV would be transmitted to plaintiff despite a duty to isolate Rayford to mitigate the risk of harm.

17  He alleges that defendants all met discussed and agreed to expose the plaintiff to the virus with out his

18  consent.

19       Plaintiff has not stated a claim in this count.  He has not stated sufficient facts showing

20  that the acts of the "defendants," who the Court notes are not individually identified, were done under

21  the direction of some policy of the NDOC.  He doe not identify the policy or the policy-maker.

22  Conclusory allegations are insufficient and plaintiff's reference to 99.9% of disciplinary appeals is

23  unsupported by reference to any statistical study or report suggesting this number.  Count three will

24  be dismissed.

25

26

**D.      Count Four**

In count four, plaintiff alleges that defendants Halberfield, Benedetti and Helling met, discussed and agreed to transfer plaintiff to a high security prison, resulting in the loss of "state created liberty interest in privileges that every inmate housed at Northern Nevada Correctional facility in general population has earned."  Amended Complaint p. 14.  He further alleges that defendants Womer, Wiley and Helling "discuss, met, and agreed to create the institutional disciplinary report" and that the appeal process is a sham developed through a policy designed to promote the interests of the unionized correctional officers.

Although plaintiff fails to identify what liberty interests he claims to have been denied, the Court notes that inmates do not have liberty interests in being housed in a particular prison or classification, *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); in being transferred or not being transferred between prisons, *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); in visitation, *Ky. De't of Corr. v. Thomspon,* 490 U.S. 454, 460-61 (1989); or in vocational and rehabilitative programs, *Coakely v. Murphy,* 884 F.2d 1218, 1221 (9th Cir. 1989).  Thus, plaintiff's claim on this point, fails.

As to his allegation that defendants Womer, Wiley and Helling agreed to create a disciplinary report, he states insufficient facts to proceed because he does not deny the validity of the charges, only that the appeals process was faulty as a matter of policy.

As discussed in count three, conclusory allegations are insufficient to carry a claim forward.  To prove conspiracy under § 1983, an agreement or meeting of the minds to violate the plaintiff's constitutional rights must be shown.  *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626  (9th Cir. 1988). Vague and conclusory allegations of participation in civil rights violations are insufficient to withstand a motion to dismiss.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).  Simply saying that the defendants acted as part of a conspiracy is not sufficient.

Count four fails to state a claim for relief and it shall be dismissed.

**III.     Conclusion**

Plaintiff's counts two, three and four shall be dismissed with prejudice.  Defendants Halberfield, Benedetti and Rayford shall be required to answer as to Count One.  All other defendants shall be dismissed with prejudice.   Section 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of the plaintiff's constitutionally protected rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

**IT IS THEREFORE ORDERED** that the action may proceed against defendants Halberfied, Benedetti and Rayford as to Count One.  All other defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that counts two, three and four of the Amended Complaint are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that defendants shall have thirty days to file their response to the Amended Complaint as modified by this Order.

DATED:   January 27, 2011

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE

1

2  _____
   Name

3  _____
   Prison Number (if applicable)

4  _____
   Address

5  _____

6  _____

7

8                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA

9

10

11  _____,  )    Case No. _____
                Plaintiff,         )
                                   )
12  v.                             )    NOTICE OF INTENT TO
                                   )    PROCEED WITH MEDIATION
13  _____   )
                                   )
14  _____   )
                Defendants.        )
15  _____   )

16         This case may be referred to the District of Nevada's early inmate mediation program.  The
    purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
17  which the parties meet with an impartial court-appointed mediator in an effort to bring about an
    expedient resolution that is satisfactory to all parties.
18

19  1.     Do you wish to proceed to early mediation in this case? _____ Yes  _____ No

20  2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

21         _____

22         _____

23         _____

24  3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court
    in the last five years and the nature of each case. (Attach additional pages if needed).
25

26         _____

                                            10

1  _____

2  _____

3  4.     List any and all cases, including the case number, that are currently pending or any pending
grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

4  _____

5  _____

6  _____

7  _____

8  5.     Are there any other comments you would like to express to the court about whether this case
is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable

9  for mediation.  (Attach additional pages if needed).

10  _____

11  _____

12  _____

13  _____

14  This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date
of entry of this order.

15

16  Counsel for defendants: By signing this form you are certifying to the court that you have
consulted with a representative of the Nevada Department of Corrections concerning participation in

17  mediation.

18  Dated this ____ day of _____, 2010.

19

20  _____
Signature

21

22  _____
Name of person who prepared or

23  helped prepare this document

24

25

26

11